UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LORI WALTERS, etc., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 21-069-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| GILL INDUSTRIES, INC., et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of several procedural motions. They include: Plaintiff Lori Walters' motion for leave to file a second amended complaint, filed November 11, 2021 [Record No. 132]; Walters' motion for a thirty-day extension of the close of discovery, motion to certify the class, and dispositive and *Daubert* motions deadlines, filed November 15, 2021 [Record No. 134]; and the defendants' motion to clarify the deadline to file a reply in support of the motion to dismiss, filed November 16, 2021 [Record No. 135]. Additionally, on December 6, 2021, the plaintiff filed supplemental evidence and a corresponding brief regarding the pending October 14, 2021, motion to dismiss. [Record No. 157]

For the reasons explained below, extension of the discovery and motion to certify deadlines is not appropriate and amendment of the plaintiff's pleading is not warranted. However, the Court will allow the defendants to respond to the plaintiff's recent supplemental filing and will also grant a modest extension of the dispositive and *Daubert* motions deadline to accommodate the briefing schedule for the motion to dismiss and motion to certify.

## I. Relevant Procedural Background

Walters filed this purported class action against Defendant Gill Industries, Inc. ("Gill Industries") in Madison Circuit Court on January 22, 2021. [Record No. 1-1] The case relates to alleged failures by Gill Industries to pay employees of its Richmond, Kentucky facility amounts owed under retention agreements signed while the defendant sought to sell the facility. [*See id.* at p. 5, ¶¶ 7-15.] The action was removed to this Court on March 10, 2021. [Record No. 1] The Court entered a Scheduling Order on April 21, 2021, setting an August 6, 2021, deadline to file motions to amend pleadings or join additional parties, November 15, 2021, close of discovery deadline, November 29, 2021, deadline for a motion to certify the class, and December 15, 2021, deadline for dispositive and *Daubert* motions. [Record No. 22]

Discovery commenced and, on August 6, 2021, Walters filed a motion to extend the deadline to file motions to amend pleadings or join additional parties. [Record No. 56] She argued that prior production of written discovery was nonconforming and that the defendant continued to produce documents, necessitating an extension of the relevant deadline, inasmuch as later-produced documents could lead to the discovery of additional claims and defendants. [*Id.* at pp. 1-2.] The defendant indicated in response that it had used targeted electronically stored information ("ESI") searches to identify key documents relevant to this lawsuit and that such documents had been produced, enabling the plaintiff "to identify the parties necessary for inclusion in an amended complaint." [Record No. 60, p. 2] The Court denied the motion on August 20, 2021, finding that the plaintiff's "vague assertion that continuing discovery may lead to the discovery of additional claims and/or parties does not warrant extending deadlines at this time." [Record No. 61, p. 2]

The plaintiff also filed a motion for leave to file a first amended complaint on August 6, 2021. [Record No. 57] In support, Walters stated that discovery revealed Gill Industries to be an undercapitalized shell corporation and requested that she be allowed to amend the Complaint to join eight additional entities and three additional individuals as defendants responsible for the injuries alleged. [Record No. 57-1, p. 2] The defendant did not oppose the motion [Record No. 62] and the Court granted leave to amend on August 30, 2021. [Record No. 63] The operative First Amended Complaint alleges nine counts against the now-twelve defendants for: fraud and fraud in the inducement; breach of contract; violation of KRS § 337.385; unjust enrichment; negligent misrepresentation; civil conspiracy; joint enterprise; punitive damages; and attorney's fees. [Record No. 64]

The defendants moved to dismiss the First Amended Complaint on October 14, 2021. [Record No. 86] The motion seeks to dismiss the claims alleged against most of the new corporate defendants for lack of personal jurisdiction, the claims alleged against the three new individual defendants for failure to state a claim, and the KRS § 337.385 claim alleged against all defendants (including Gill Industries, the original defendant) for lack of subject matter jurisdiction. [Record No. 86-2] As relevant here, the defendants argue that the KRS § 337.385 count should be dismissed because Walters' bona fide professional or administrative role at Gill Industries' Richmond facility exempts her from bringing it under the statutory and regulatory scheme. [*Id.* at pp. 18-20.] The defendants assert that this defeats her KRS § 337.385 class claim because she is not an adequate class representative. [*Id.* at p. 20.]

The plaintiff responded on November 5, 2021, contesting, *inter alia*, the defendants' KRS § 337.385 arguments. [Record No. 118] But in the event that the Court concludes that Walters is not an adequate class representative for the statutory claim, the response also

- 3 -

requests that she be given ten days to "move for leave to amend and substitute another class representative in her place to represent the class, the splitting of the class into subclasses, or alternative relief . . . ." [*Id.* at p. 23.] The defendants filed a motion to clarify the deadline to file a reply in support of the motion to dismiss on November 16, 2021. [Record No. 135] The defendants nonetheless filed a reply on November 19, 2021. [Record No. 147]

Walters also filed a motion to supplement the record with additional evidence concerning the issues raised in the motion to dismiss on November 5, 2021. [Record No. 121] After the defendants indicated they did not oppose this motion, the Court granted it on November 29, 2021. [Record No. 149] Walters filed the supplemental evidence and an accompanying brief on December 6, 2021. [Record No. 157]

The plaintiff then filed a motion for leave to file a second amended complaint on November 11, 2021. [Record No. 132] She seeks to join Tonya Campbell and Brittny Timberlake, hourly employees of Gill Industries who signed retention agreements, as named plaintiffs and class representatives to overcome any problem the Court might find with Walters' ability to act as a class representative for the KRS § 337.385 count. [Record Nos. 132, pp. 1-2, 5 and 132-1, pp. 8-9, ¶¶ 27-28] Walters claims, *inter alia*, that amendment would not prejudice the defendants and that there has been no undue delay in seeking amendment because she could not identify Campbell and Timberlake as proper plaintiffs prior to October 8, 2021, the deadline United States Magistrate Judge Matthew A. Stinnett set [Record No. 77] for the defendants to produce a list of all Gill Industries employees who signed retention agreements and the corresponding agreements. [Record No. 132, pp. 4-5]

The defendants responded on November 17, 2021, asserting that the motion is untimely and that the plaintiff should have known that Campbell and Timberlake were potential named

plaintiffs because: (1) plaintiff's counsel was aware before this suit was filed that 174 employees had signed retention agreements with Gill Industries; (2) the defendants disclosed a list of the Richmond facility's employees, which included Campbell and Timberlake, in a discovery response on June 7, 2021 [Record No. 29]; and (3) Walters continued to work at the Richmond facility for three months after it was sold along with many of the other individuals, like Campbell and Timberlake, who signed the retention agreements. [Record No. 142, pp. 1-2] The defendants also contend that they would be prejudiced by the addition of named parties at this time and that the plaintiff, as master of her complaint, should have accounted for the possibility that she could not bring a viable KRS § 337.385 claim when she brought this action. [*Id.* at pp. 4-6.] The plaintiff filed a timely reply in support of her motion on November 29, 2021. [Record No. 153]

Meanwhile, on November 15, 2021, Walters filed a motion for a thirty-day extension of the November 15, 2021, discovery deadline, November 29, 2021, deadline for a motion to certify the class, and December 15, 2021, dispositive and *Daubert* motions deadline. [Record No. 134] Although the precise justification for such extensions is somewhat difficult to ascertain, the thrust of the motion is that more time for discovery is necessary because the defendants did not disclose their ESI production methods prior to November 8, 2021, the plaintiff was previously operating under the assumption that all documents produced would be reviewed by attorneys and not an ESI search engine, and the plaintiff has not had the opportunity to test the ESI document search methods to see if it would produce adequate responses to discovery requests. [Record No. 134-1, pp. 11-12, 15-16] If not explicitly stated in the motion, the plaintiff clearly does not believe that the defendants have produced all discovery necessary to adequately respond to her discovery requests.

The defendants responded to the motion for extensions on November 17, 2021. [Record No. 139] They argue that the plaintiff failed to request consent to the motion as required by Local Rule 7.1(b), and Walters had notice of difficulties the defendants faced in obtaining ESI and producing responsive documents during the summer of 2021. [*Id.* at pp. 1-3.] Such difficulties include the facts that the servers containing the ESI were sold to an entity that purchased Gill Industries and that these servers were obtained on June 28, 2021.[1] [*Id.* at p. 3.] A June 23, 2021, email from defense counsel to plaintiff's counsel outlined the process by which Gill Industries obtained the ESI from the third-party entity and accordingly noted that after counsel received access to all the data, they would need to review it to determine what is responsive to discovery requests. [Record No. 134-18]

The defendants also point out that, insofar as the plaintiff contests the use of targeted ESI searches, the September 16, 2021, response [Record No. 60] to Walters' previous motion disclosed the fact that the defendants were using such a method to identify responsive documents. [Record No. 139, p. 8] Further, counsel for the defendants represent that they have personally reviewed every potentially pertinent document identified by the targeted searches. [*Id.* at p. 6.] The defendants finally indicate that they completed their review of the ESI by the November 15, 2021, close of discovery deadline and assert that Walters filed the motion for an extension prior to the production of 3,950 pages of additional discovery in response to the third set of interrogatories and requests for production propounded by the plaintiff. [*Id.* at pp.

---

[1] The servers contain 95 gigabytes of data comprised of 250,234 emails. [Record No. 139, pp. 3, 7] The defendants indicate that approximately 2.6% of the documents reviewed from the servers have been relevant to this proceeding or responsive to discovery requests. [*Id.* at p. 8.]

5, 12.] The defendants noticed their production of these documents on November 17, 2021. [Record No. 141]

Walters has not filed a reply in support of the motion for extensions. She filed her motion to certify the class on November 29, 2021. [Record No. 150]

## II. Motion for a Thirty-Day Extension of Deadlines

The Court first turns to the motion for a thirty-day extension of the close of discovery, motion to certify, and dispositive and *Daubert* motions deadlines. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Courts evaluate several overlapping factors when parties seek extensions of discovery deadlines, including:

> (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to . . . discovery requests.

*Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011) (quoting *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010)). The "overarching inquiry" is the moving party's diligence. *Id.* (quoting *Dowling*, 593 F.3d at 478).

Here, the plaintiff primarily requests an extension of the discovery deadline, as the other extensions are sought to accommodate an extension of discovery and the continued production of documents. [Record No. 134-1, p. 18] But the plaintiff has been aware of the challenges the defendants had in obtaining and reviewing ESI from the servers owned by the entity that purchased Gill Industries since, at least, June 23, 2021. Walters has also been aware that the defendants were using targeted searches to identify responsive documents within the ESI since, at least, September 16, 2021. If the plaintiff disputed the methods used by the defendants in

identifying responsive documents or required more information regarding these methods, she should have sought relief prior to the November 15, 2021, close of discovery deadline.

To be fair, the defendants have made several representations indicating that their methods of identifying responsive documents might not result in timely disclosures. For example, defense counsel stated in an October 26, 2021, email to plaintiff's counsel that the defendants continued to conduct targeted searches to identify responsive materials and provided a "rough estimate" that only 15% of the review had been completed at that point. [Record No. 134-15] Counsel subsequently advised in a November 8, 2021, email, that the defendants would not be able to meet the November 15, 2021, deadline using their current methods and indicated that, "it is more likely that we could complete a review of the documents if search terms were agreed upon." [Record No. 134-16]

But the defendants have now represented to the Court that they did, in fact, complete their review of the ESI, and they produced another round of documents after the motion for an extension was filed. Notably, the plaintiff has not filed a reply in support of the pending motion to challenge this representation or otherwise suggest that the defendants have not adequately responded to outstanding discovery requests. Absent any indication to the contrary, it appears that the defendants have produced what they needed to produce and that an extension of the discovery deadline is completely unnecessary.

Additionally, the plaintiff has now filed her motion to certify the class, and there is no reason to extend any deadlines related to class certification. As set forth below, the Court will extend the dispositive and *Daubert* motions deadline to accommodate the parties' briefing

schedules going forward. Thus, the pending motion for extensions will be granted to the extent it seeks an extension of that deadline and denied in all other respects.[2]

### III. Motion for Leave to File a Second Amended Complaint

As noted, the deadline for motions to amend the pleadings elapsed on August 6, 2021, and the plaintiff filed the pending motion for leave to file a second amended complaint on November 11, 2021. While courts should "freely give leave [to amend pleadings] when justice so requires" under Rule 15(a) of the Federal Rules of Civil Procedure, "[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). "Plaintiffs can demonstrate 'good cause' for their failure to comply with the original schedule, by showing that despite their diligence they could not meet the original deadline." *Id.* at 907. Additionally, courts must consider prejudice to defendants when plaintiffs move to amend complaints after their deadlines to amend the pleadings. *Id.* at 909.

---

[2] Counsel are also advised that they must adhere to Local Rule 7.1(b) insofar as the rule requires that a "party seeking [an] extension [] file a motion setting forth the reasons for the extension *and whether other parties consent*." (emphasis added). Anticipating that the defendants would point out her failure to confer about the motion she has filed, plaintiff's counsel claims that this provision does not apply because Paragraph 7 of the Scheduling Order [Record No. 22, p. 2], prohibits the parties from extending deadlines by agreed order. [Record No. 134-1, p. 3] Notwithstanding the language concerning agreed orders, the Scheduling Order plainly does not absolve parties of their duties to state whether other parties consent to extensions sought under the rule. Even if it did, considerations of economy, efficiency, and etiquette would favor communicating with opposing counsel to ascertain whether, or to what extent, they might consent to the motion. While plaintiff's counsel has made it clear that she would rather take the time to advocate for contorted readings of Local Rule 7.1(b) and the Scheduling Order than pick up the phone for a brief conversation with opposing counsel, this is not an acceptable course of conduct (for either side) as the case progresses.

In this case, the Magistrate Judge directed the defendants to disclose by October 8, 2021, a list of employees who had signed retention agreements as well as the agreements themselves. [*See* Record No. 77.] The ostensible purpose of this directive was to provide the plaintiff with discovery "so that [she] may determine who is included in the putative class and whether the proposed class meets the requirements of Fed. R. Civ. P. 23." [*Id.*] And the plaintiff asserts that she was not able to "cross reference the names of the [retention agreement] signors and identify their job title descriptions, if they were exempt under the FLSA, if they were hourly versus salaried, if they were full time versus part time, or their pay rate based on information previously produced in discovery" for the purposes of evaluating additional parties prior to receiving these agreements on October 8, 2021. [Record No. 153, p. 6]

This may suggest that the plaintiff could not meet the August 6, 2021, deadline despite her diligence. However, it appears unlikely that she pursued this discovery for the purposes of identifying potential new named plaintiffs. Instead, it seems that she sought the discovery to address the contours of the class itself. Indeed, the Magistrate Judge's Order noted that the discovery "is relevant to the Rule 23(a) requirements of numerosity, commonality, and typicality," rather than the adequacy issue raised by the defendants in the motion to dismiss. [*Id.* (citation omitted).]

Additionally, the defendants raise valid questions about whether Walters could have ascertained that Campbell and Timberlake were potential named plaintiffs at earlier points in the litigation. They were identified as employees of the Richmond facility in discovery responses produced on June 7, 2021. Further, the plaintiff herself worked at the facility after she signed a retention agreement and Gill Industries sold it, putting her in a prime position to identify potential co-plaintiffs in this action.

Thus, the plaintiff arguably had notice that Campbell or Timberlake (among other Gill Industries employees) were potential named plaintiffs long before the August 6, 2021, deadline. More significantly, the relevant procedural history indicates that she did not seriously consider whether she may potentially be unable to sustain a KRS § 337.385 claim and whether, as a result, she should look for additional plaintiffs to potentially certify subclasses for such a claim until it had been pending for approximately nine months. It is evident that she had not considered the matter when she moved for leave to amend the Complaint the first time on the August 6, 2021, deadline inasmuch as she did not propose to add additional plaintiffs in the First Amended Complaint. While the issue is somewhat close, the record generally indicates a lack of diligence.

As for prejudice, the United States Court of Appeals for the Sixth Circuit has considered amendment of a pleading "on the eve of the close of discovery" to be prejudicial. *See Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 806-07 (6th Cir. 2005). In *Bridgeport Music*, "the district court extended the time for amending pleadings with the proviso that it would have to be done in time to avoid extending discovery beyond May 21 . . . ." *Id.* at 805-06. After receiving discovery that suggested another potential viable claim (which was, according to the appellate court, already discernable absent the discovery) on April 15, the plaintiffs brought a motion to for leave to file a second amended complaint on April 19. *Id.* at 806. The parties finished briefing the matter on April 26, a magistrate judge issued a recommendation on May 6, the plaintiffs filed objections on May 16, and the defendant filed a response to the objections on May 30. *Id.* The Sixth Circuit found no abuse of discretion in the lower court's decision to deny amendment where such amendment would

have required the defendant "to respond to a distinct new claim . . . with only a few weeks of discovery remaining." *Id.* at 807.

As the defendants point out, they have not had the benefit of discovery regarding the new proposed plaintiffs. [Record No. 142, pp. 4, 7] Walters seems to imply that no additional discovery would be necessary because the defendants were able to raise the KRS § 337.385 issue in their motion to dismiss without information obtained through discovery. [Record No. 153, pp. 6-7] But this argument is speculative. If these plaintiffs were added to the class claims asserted in the First Amended Complaint, the defendants may need to investigate any number of novel issues associated with their participation in the litigation. Further, the plaintiff has essentially acknowledged that the two new named plaintiffs would, at least, need to be deposed. Walters herself was deposed, and the plaintiffs apparently suggested, albeit unsuccessfully, on November 12, 2021, that the defendants depose Campbell and Timberlake on November 15, 2021, prior to a ruling on the pending motion that was filed just days earlier. [Record Nos. 153, p. 7 and 153-1, p. 1] While the plaintiff may not propose adding a new claim like the plaintiffs in *Bridgeport Music*, she does propose to add two new parties and a new theory for the purposes of class certification that would necessarily require the defendants to conduct further discovery.

And the plaintiffs in *Bridgeport Music* sought amendment more than a month prior to the discovery deadline. Here, the plaintiff first raised the prospect of amending the First Amended Complaint to add new plaintiffs ten days prior to the close of discovery in the November 5, 2021, response to the motion to dismiss and did not formally move to join Campbell and Timberlake until four days prior to the deadline. Like the motion in *Bridgeport Music*, the pending motion for leave to amend did not come ripe until after discovery closed,

and the defendants' deadline to reply to the response in which amendment was first raised also fell beyond the close of discovery date. Given that the defendants would necessarily have to conduct further discovery if amendment were allowed, the Court finds that Walters' proposed amendment, which was sought on the eve of the close of discovery, would unduly prejudice the defendants.

Thus, Walters has failed to meet the Rule 16 good cause standard. Even if she had, general Rule 15(a) amendment considerations counsel against permitting amendment. "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect" a court's decision about whether to permit amendment under Rule 15(a). *Bridgeport Music*, 410 F.3d at 805 (quoting *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)).

The analysis above addresses the delay here to a considerable extent, but two additional points bear discussion. First, the plaintiff did not attempt to amend the First Amended Complaint when she received the discovery on October 8, 2021. Instead, she first raised potential amendment in her November 5, 2021, nearly a month after she received the materials she claims alerted her to the possibility of joining Campbell and Timberlake. Second, a delay may become "undue" when it places "an unwarranted burden on the court." *Id.* at 806 (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). Allowing amendment at this time would require the Court to reopen discovery and extend later deadlines by significant amounts of time, likely resulting in a continuance of trial. For all of the reasons stated herein, the delay in this case heavily weighs against amendment.

There was also a considerable lack of notice to the defendants, inasmuch as the plaintiff first raised the issue of amendment ten days prior to the close of discovery. The decision to seek amendment at this late hour appears to be attributable to a lack of diligence rather than bad faith, but the prior amendment of the Complaint did not cure the potential deficiency regarding the KRS § 337.385 claim and amendment at this point in the litigation would result in undue prejudice to the defendants for the reasons stated above. Finally, the futility factor is neutral inasmuch as it is difficult to ascertain from the briefing whether the addition of these two plaintiffs would cure the alleged deficiency or, just as significantly, whether the addition of Campbell and Timberlake would result in new deficiencies.

Because these factors, in the aggregate, favor the defendants, amendment is not appropriate under Rule 15(a) even if the plaintiff could carry her burden to demonstrate good cause under Rule 16. Accordingly, the motion for leave to file a Second Amended Complaint will be denied.[3]

### IV. Motion to Clarify the Deadline to File a Reply in Support of the Motion to Dismiss

The defendants filed their reply in support of the motion to dismiss on November 19, 2021. Accordingly, their November 16, 2021, motion to clarify the deadline for this filing will be denied as moot.

### V. Conclusion and Schedule Revisions

In summary, an extension of the discovery deadline premised on the defendants' ESI production methods and progress is not appropriate, and there is no need to extend other

---

[3] The Court offers no opinion on whether Walters is not, in fact, a proper plaintiff to bring a KRS § 337.385 class claim as alleged in the motion to dismiss.

deadlines on this basis. Further, amendment of the First Amended Complaint to join Campbell and Timberlake is not warranted.

However, the Court finds it appropriate to allow the defendants an opportunity to respond to the plaintiff's supplemental filing addressing the motion to dismiss. The defendants will be given one week to do so. This response should not address any issues other than those discussed in the plaintiff's December 6, 2021, filing. After the defendants respond, the motion to dismiss will be ripe for consideration.

The Court is also mindful that the parties are presently briefing two significant motions (the motion to dismiss and the motion to certify), with the dispositive and *Daubert* motions deadline looming on December 15, 2021. Accordingly, the Court will extend this deadline by twenty-one days. No other deadlines will be extended at this time, and the parties are advised that direct or indirect attempts to amend the schedule in the future will not be well-received absent compelling circumstances.

Based on the foregoing, it is hereby

**ORDERED** as follows:

1. Plaintiff Lori Walters' motion for leave to file a second amended complaint [Record No. 132] is **DENIED**.

2. The plaintiff's motion for a thirty-day extension of the discovery, motion to certify, and dispositive and *Daubert* motions deadline [Record No. 134] is **GRANTED** to the extent it seeks an extension of the dispositive and *Daubert* motions deadline. The motion is **DENIED** to the extent it seeks other relief.

3. The defendants' motion to motion to clarify the deadline to file a reply in support of the motion to dismiss [Record No. 135] is **DENIED**, as moot.

    4.    The schedule in this matter is amended as follows:

        a.    The defendants may respond to the plaintiff's supplemental filing [Record No. 157] regarding the motion to dismiss on or before **December 15, 2021**.

        b.    No later than **January 5, 2022**, the parties shall file all dispositive motions and *Daubert* motions.

Dated:  December 8, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky