UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LORI WALTERS, in her individual capacity and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5: 21-069-DCR |
| V. | ) ) | |
| GILL INDUSTRIES, INC., et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Lori Walters seeks to certify a class of current and former employees of Gill Industries, Inc. based on her claims that Gill failed to pay its employees bonuses as promised under retention agreements. However, certification will be denied because Walters has not shown that the proposed class is so numerous that joinder of all members is impracticable.

## I.

Walters alleges that her former employer, Gill Industries, Inc., entered into written agreements ("Retention Agreements") with her and other employees in which Gill promised to pay bonuses in exchange for work the employees performed while Gill searched for a buyer for its manufacturing facility located in Richmond, Kentucky. Walters contends that she and the other employees who entered into Retention Agreements provided the agreed upon labor, but Gill refused to provide the bonus payments as promised.

Walters asserts the following claims on behalf of herself and the proposed class: fraud and fraud in the inducement; breach of contract; unjust enrichment; negligent

misrepresentation; civil conspiracy; and joint enterprise.[1]  [Record No. 64]  Walters defines the proposed class as "any and all current and former employees of the Defendants who entered in a Retention Agreement with Gill Industries, Inc., and who were and are citizens of the Commonwealth of Kentucky ("Proposed Class Plaintiffs")."  [Record Nos. 1-1, ¶ 6; 64, ¶ 23]

Walters now seeks to narrow the class definition as follows: "Any and all current and former employees of Defendants' Richmond Plant who entered into a Retention Agreement with Gill Industries, Inc. between March 10-12, 2020 and who were and are citizens of the Commonwealth of Kentucky."  [Record No. 150-1, p. 9] The defendants oppose class certification, but do not object to Walters' narrowing of the class definition.  They also object and/or seek clarification on various issues, including: "a class definition including 'current and former employees' of an unlisted employer;" "a class definition including 'current' employees when no Defendant entity employs employees currently;" and the operative date for determining whether class members are citizens of the Commonwealth of Kentucky.

## II.

Rule 23 of the Federal Rules of Civil Procedure sets forth the requirements for maintaining a class action.  For the Court to certify a class, the proposed class must satisfy all of the threshold requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation.  *In re American Medical Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996).   If each of these four prerequisites is established, the plaintiffs must then show that the class may be maintained under one of the theories available under Rule 23(b).  *Pilgrim v.*

---

[1]     The Court previously granted, in part, and denied, in part, the defendants' motion to dismiss the Amended Complaint.  [Record No. 172]  The Court dismissed Walters' claims against Defendants DeGraaf, Schreur, and Masse, and dismissed Walters' Kentucky wage-and-hour claims against all defendants.

*Universal Health Card, LLC*, 660 F.3d 943, 945-46 (6th Cir. 2011).  District courts have broad discretion in certifying a class action within the framework of Rule 23.  *Coleman v. Gen. Motors Acceptance Corp.*, 296 F.3d 443, 446 (6th Cir. 2002).

The party seeking to certify a class bears the burden of establishing that certification is proper.  *In re American Medical Sys., Inc.,* 75 F.3d at 1079.  A class action may not be approved simply "by virtue of its designation as such in the pleadings," nor may prospective class representatives simply rely upon "mere repetition of the language of Rule 23(a)" to support their motion.  *Id*.  Instead, an adequate basis for each prerequisite must be pleaded and supported by the facts.  *Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974); *see also Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Michigan*, 654 F.3d 618, 629 (6th Cir. 2011), *cert. denied*, 565 U.S. 1261 (2012).  Certification is proper only if the Court determines, "after a rigorous analysis, that the prerequisites of Rule 23(a)" are satisfied.[2] *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011); *Zehentbauer Family Land, LP v. Chesapeake Exploration, L.L.C.*, 935 F.3d 496, 503-04 (6th Cir.2019).

## A.

Rule 23(a)(1) requires that a class be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  "Impracticable" does not mean "impossible," but

---

[2]     Prior to reviewing the factors under Rule 23(a), the Court must determine whether the class definition is "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class."  *Thacker v. Chesapeake Appalachia, LLC*, 259 F.R.D. 262, 266 (E.D. Ky. 2009). For a class to be sufficiently defined, the court must be able to determine whether members are included or excluded based on objective criteria.  *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012) (citing 5 James W. Moore, et al., *Moore's Federal Practice* § 23.21 (3d ed. 1997)).  While the defendants seek clarification regarding some aspects of the class definition, they do not appear to dispute that it meets this requirement.

the plaintiff must show that joining all members of the potential class would be extremely inconvenient or difficult.  *Kerr v. Holsinger*, 2004 WL 882201, at *1 (E.D. Ky. Mar. 25, 2004). While there is no strict test for determining impracticability, the sheer number of potential litigants can be dispositive of this inquiry.  *See Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004); *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996) (observing that, "[w]hen the class size reaches substantial proportions . . ., the impracticability requirement is usually satisfied by the numbers alone.").

Plaintiff alleges that the proposed class contains "over 200 members."  In support, she provides a list of 214 former Gill Industries employees who signed Retention Agreements. [Record No. 152-6]  The defendants contend that the actual number of potential class plaintiffs is significantly lower because the list of employees who signed Retention Agreements includes employees who were terminated for cause and those who have signed release agreements. [Record No. 165, p. 3]  Walters responds that, taking into account these concerns, the proposed class is still approximately 200 individuals.  While it is the plaintiff's burden to establish numerosity, precise quantification on the part of the party seeking class certification is not required.  *See Golden v. City of Columbus*, 404 F.3d 950, 966 (6th Cir. 2005); *Peters v. Cars To Go, Inc.*, 184 F.R.D. 270 (W.D. Mich. 1998).

The Court assumes, for purposes of its analysis, that the proposed class includes approximately 200 members.  Other district courts within the Sixth Circuit have concluded that a class of 40 or more members is generally sufficiently to satisfy the numerosity requirement.  *Lott v. Louisville Metro Gov't*, 2021 WL 1031008, at *10 (W.D. Ky. Mar. 17, 2021) (citing *Garner Props. & Mgmt., LLC v. City of Inkster*, 333 F.R.D. 614, 622 (E.D. Mich. 2020)).  The Court finds that the proposed class size here in "neither insignificant nor

overwhelmingly large as to be prohibitive of joinder." *Powell v. Tosh*, 280 F.R.D. 296, 304 (W.D. Ky. 2012). Accordingly, the Court considers the following factors in addition to hard numbers: "(1) judicial economy arising from the avoidance of a multiplicity of actions; (2) the geographic dispersion of class members; (3) the financial resources of class members; (4) the ability of claimants to institute individual lawsuits; (5) the amount of each member's individual claim; (6) knowledge of the names and existence of the potential class members; and (7) whether potential class members have already joined other actions." *Id.* at 303 (quoting *Primavera Familienstiftung v. Askin*, 178 F.R.D. 405, 410 (S.D.N.Y. 1998)).

On one hand, judicial economy is served by consolidating multiple claims into one action. On the other, class actions have inherent management problems that other cases lack. *See Zeigler v. Gibralter Life Ins. Co. of America*, 43 F.R.D. 169, 173 (D.S.D. 1967). The defendants contend that the consideration of geographic dispersion of the proposed class members weighs against certification because all the class members reside in Kentucky. In reply, Walters cites *Beckhart v. Jefferson Cnty. Public Schs.*, 2017 WL 4125758 (W.D. Ky. Sept. 18, 2017), a case in which the district court certified a class even though the potential class members "likely live[d] in the area." However, in *Beckhart*, the proposed class exceeded 700 members and, due to the small amount potentially owed to each class member, it would have been cost-prohibitive for them to pursue the claims individually. *Id.* at *3.

The Court is aware of no factors in the instant case that would impede the proposed class members' ability to institute lawsuits on their own. They are former Gill Industries employees and, based on the depositions filed in the record, many of them are likely current Challenge employees. Accordingly, there is nothing to suggest that they are intellectually or economically disadvantaged such that they could not pursue their own claims. Further, the

plaintiff has provided a sealed document stating the proposed class members' names and indicating that the amount of damages for each class member exceeds several thousand dollars. [Record No. 152-6]

The Court is not persuaded that class certification is a preferable method of adjudicating these claims. The number of potential plaintiffs is not so high that joinder is impracticable, particularly considered in conjunction with the facts that their identities are known and they are confined to a small geographic area. Additionally, there is nothing to suggest that the potential plaintiffs do not have the ability to seek redress on their own especially if, as Walters contends, they each stand to recoup a substantial sum of damages from the defendants.

The plaintiff must meet all prerequisites listed in Rule 23(a); if she cannot meet any one prerequisite, her motion for class certification fails. *See, e.g., Scott v. First American Title Ins. Co.*, 276 F.R.D. 471, 482 n.5 (E.D. Ky. 2011). Thus, the Court need not address the remaining factors under Rule 23 because Walters cannot satisfy the numerosity requirement.

### III.

Based on the foregoing, it is hereby

**ORDERED** as follows:

1.     Plaintiff Lori Walters' motion for class certification [Record No. 150] is **DENIED**.

2.     Walters' motion to postpone ruling on her motion for partial summary judgment pending the Court's ruling on class certification [Record No. 170] is **DENIED**, as moot.

Dated: January 11, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky